IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

HUGO ALBERTO GUTIERREZ,    )
    )
    Plaintiff,    )    Case No. 12-CV-263-JED-TLW
    )
v.    )
    )
JOHN K. GRAY et al.    )
    )
    Defendants.    )

## OPINION AND ORDER

Before the Court are certain cross-motions for summary judgment filed by plaintiff and

defendants Gray and Wells. (Doc. 60, 71, 74, 99).

**I.**    **Background**

The federal convictions of numerous defendants were vacated or dismissed following a

federal investigation into misconduct by certain Tulsa Police Officers. Mr. Gutierrez was one of

those defendants. Gutierrez brought this action under 42 U.S.C. § 1983 alleging that the

defendants, Gray, Wells, Kaiser, and Hill, all of whom were Tulsa Police Officers, violated his

constitutional rights by obtaining a search warrant based upon false information, thereby gaining

entry into his house, falsely arresting him, and maliciously prosecuting him. He also asserts that

the defendants stole at least $10,000.00 from him and divided it amongst themselves. Plaintiff

was imprisoned in the custody of the federal Bureau of Prisons for several months as a result of

his conviction. His conviction was vacated in July, 2010.

During the federal investigation into potential police misconduct, defendant Gray

admitted that the drug buy for the Gutierrez prosecution was made in a parking lot at 15th Street

and Yale in Tulsa, rather than at the residence of Mr. Gutierrez, as Gray had claimed in the

search warrant affidavit. Gray also testified that he, Wells, Kaiser, and Hill took some of a large

quantity of money that they found at the Gutierrez residence when the search warrant was executed. In his Answer, Gray admitted that his "intentional misrepresentations were the direct cause of Mr. Gutierrez's illegal arrest, prosecution, and incarceration" and that he "created police reports that were submitted to federal prosecutors that was [sic] known to be false, fabricated, and manufactured with the intent that Mr. Gutierrez be illegally arrested, prosecuted and incarcerated." He also admitted that his "acts deprived Plaintiff of his liberty and property." Based upon Gray's admissions, Gutierrez argues that he has established entitlement to summary judgment on his claims against the defendants.

Although Gray implicated them in misconduct, defendants Wells, Kaiser, and Hill deny that they were involved and generally dispute any statements by Gray that implicated them. In addition, Hill and Kaiser note that, in the criminal trial of Wells, Gray actually testified that he gave $2,000 to Wells, but that Gray had no direct knowledge of what Wells did with the money. Rather, Gray testified that Wells informed Gray that he would "take care of [Kaiser and Hill]."

With similar arguments, defendants Gray and Wells have also moved for summary judgment. It is undisputed that, during the time of the incidents which are central to this case, Mr. Gutierrez "was an illegal alien in the United States selling drugs," and "was selling between 300 and 400 pounds of marijuana a month." (Doc. 70 at 12 of 30, ¶ 9; Doc. 86 at 3, ¶ 9). It is also undisputed that Gutierrez does not have legal status in the United States. (Doc. 70 at 12, ¶ 8; Doc. 86 at 3, ¶ 8). As a result, the defendants argue that Gutierrez is precluded from asserting any claim for a constitutional violation. The defendants also assert that plaintiff has no Fourth or Fourteenth Amendment claims, his claim of false arrest is time-barred, he may not maintain any conspiracy claim, and he may not maintain any action for stolen money.

**II. Discussion**

    **A. Plaintiff's Motion**

The Court has fully considered the multitude of briefs on the plaintiff's summary judgment motion. The Court finds that Gutierrez has not established an entitlement to judgment as a matter of law in his favor. While the evidence against Gray is certainly damning, Gray is entitled to re-litigate the issue of whether there was probable cause for the initial search. *See Novitsky v. City of Aurora*, 491 F.3d 1244, 1252-53, n.2 (10th Cir. 2007). Moreover, Gray notes that it is undisputed that the only misstatement he made in the search warrant affidavit was the *location*, not the fact, of the drug buy from Gutierrez, and he has presented testimony and argument that his conduct was not malicious, but was intended to protect the identity of his confidential informant. Also, as noted, defendants Wells, Kaiser, and Hill deny that they were involved and they dispute any statements by Gray that implicated them in any misconduct. Gray testified that he gave Wells $2,000 of the money that was taken from Gutierrez, but he stated that he did not actually have direct knowledge of whether Wells provided Kaiser and Hill any money. The plaintiff's motion for summary judgment (Doc. 60) is **denied**.

    **B. The Defendants' Motions**

        **1. Malicious Prosecution**

Although Gutierrez has not asserted claims under the Fourth Amendment, defendants Gray and Wells argue that his claims must be analyzed under the Fourth Amendment. Here, the Court notes that the gravamen of plaintiff's allegations originates with the false search warrant affidavit and the subsequent search of his residence, which yielded over 100 pounds of marijuana and cash in excess of $83,000.00, which are classic Fourth Amendment search and seizure claims.

Gutierrez also asserts that he was wrongfully imprisoned. The Tenth Circuit has explained that "[a] plaintiff who claims that the government has unconstitutionally imprisoned him has at least two potential constitutional claims: 'The initial seizure is governed by the Fourth Amendment, but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause.'" *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). If the plaintiff was imprisoned without legal process, his claim is analogous to a false arrest or false imprisonment claim. *Id.* If he was imprisoned pursuant to "legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution." *Id.* More recently, the Tenth Circuit has indicated that a malicious prosecution claim under the Fourteenth Amendment is *not* available if an adequate state remedy exists, but a plaintiff may have the option of bringing a Fourth Amendment claim using a similar malicious prosecution theory. *See Myers v. Koopman*, 738 F.3d 1190, 1192 (10th Cir. 2013).

*Myers* is instructive as to plaintiff's Fourteenth Amendment claims for malicious prosecution. In *Myers*, the plaintiff alleged that a detective falsified an affidavit to obtain a search warrant for the plaintiffs' property. Law enforcement officers then searched his property and discovered a jar with a white substance, which falsely tested positive for methamphetamine. Plaintiff alleged that the detective also fabricated facts in an affidavit to obtain an arrest warrant. A judicial officer granted the warrant, and the plaintiff was held in custody for three days. After further testing of the white substance, the district attorney dismissed the charges. *Id.* at 1192-93. The plaintiff asserted malicious prosecution claims under § 1983, alleging violations of his Fourth and Fourteenth Amendment rights. The district court dismissed the Fourteenth Amendment claim because state law provided an adequate remedy for malicious prosecution. *Id.*

at 1193. Affirming the dismissal of the Fourteenth Amendment claim, the Tenth Circuit

reasoned as follows:

> The Fourteenth Amendment protects individuals against deprivations of liberty
> without due process of law. U.S. Const. amend. XIV, § 1. If a state actor's
> harmful conduct is unauthorized and thus could not be anticipated pre-
> deprivation, then an adequate post-deprivation remedy—such as a state tort
> claim—will satisfy due process requirements. *Becker v. Kroll,* 494 F.3d 904, 921
> (10th Cir.2007) (citing *Parratt v. Taylor,* 451 U.S. 527, 535–44, 101 S.Ct. 1908,
> 68 L.Ed.2d 420, (1981), *overruled on other grounds by Daniels v. Williams,* 474
> U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). Here, [plaintiff] alleges that
> [the detective] conjured up facts to create the illusion of probable cause for an
> arrest warrant and subsequent prosecution. Such lawlessness could not have been
> anticipated or prevented pre-deprivation, but a post-deprivation malicious-
> prosecution claim serves as an effective antidote. Colorado law provides that
> remedy. *See, e.g., Hewitt v. Rice,* 154 P.3d 408, 411 (Colo.2007) (outlining the
> elements of a malicious-prosecution claim under Colorado law). The existence of
> the state remedy flattens the Fourteenth Amendment peg on which [plaintiff] now
> tries to hang his § 1983 malicious-prosecution claim.

*Id.* at 1193. This same analysis applies to plaintiff's Fourteenth Amendment claims. Because

Oklahoma recognizes a tort action for malicious prosecution, plaintiff's claims under the Due

Process Clause of the Fourteenth Amendment fail. *See id*; *Greenberg v. Wolfburg*, 890 P.2d 895

(Okla. 1994).

Plaintiff requests leave to amend to state Fourth Amendment claims, if the Court

determines that he improperly characterized his claims as brought under the Fourteenth

Amendment. To the extent that Gutierrez has any claim under the Fourth Amendment, the Court

agrees with the defendants that, because Gutierrez was an illegal alien who had previously been

removed from the United States, he may not assert a claim under § 1983 based upon alleged

Fourth Amendment rights. The Court agrees with the very thorough analyses provided by the

courts in *United States v. Esparza-Mendoza*, 265 F. Supp. 2d 1254, 1257-59, 1271 (D. Utah

2003) and *United States v. Gutierrez-Casada*, 553 F. Supp. 2d 1259, 1266-1272 (D. Kan. 2008).

While the Court notes that the Supreme Court and the Tenth Circuit have not determined the

precise issue presented, this result appears to be consistent with the rationale of the Supreme Court in *United States v. Verdugo-Urquidez*, 494 U.S. 259 (1990), in which the Court concluded that the term "the people," as used in the Fourth Amendment, refers only to those persons who have developed a sufficient connection with the United States to be considered a part of the community.

Plaintiff has not presented evidence establishing a genuine dispute of material fact regarding Gutierrez's connection to the United States. It is undisputed that he was here illegally, had previously been removed from the United States, was selling 300 to 400 pounds of marijuana on a monthly basis during the relevant time frame, and he is not now here, because he was again removed from the United States. Gutierrez has also not disputed the defendants' assertion that he has no legal right to return to the United States. Accordingly, the Court concludes that it is undisputed that Gutierrez lacked (and lacks) a substantial connection to the United States, and he may not assert a § 1983 claim based upon the Fourth Amendment.

### 2. False Arrest Claim

Defendants argue that any false arrest claim is time-barred. For the reasons set forth in the Court's prior Order finding Gutierrez's false arrest claim against the City of Tulsa to be time-barred, the Court determines that any such claim (to the extent that Gutierrez could assert such a claim), is time-barred. (*See* Doc. 25 at 607).

### 3. Conspiracy Claim

The plaintiff's conspiracy claim fails because, without an established underlying constitutional violation, the plaintiff may not establish a conspiracy under § 1983. *See Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990).

### 4. Replevin Claim

Defendants argue that Gutierrez may not maintain his replevin claim for a number of reasons. The Court previously dismissed this claim as to all defendants. (*See* Doc. 25). In any event, the Court concludes that there is an additional reason that summary judgment on this claim is appropriate. It is barred by the statute of limitations, as the defendants now argue. *See Okla. Stat.* tit. 12, § 95(A)(3) (action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property, shall be brought within two years after the action accrued); *Battle v. Lawson*, 352 F. Supp. 156 (W.D. Okla. 1972) (whether asserted as replevin claim or a claim under § 1983, plaintiff's claim to recover money allegedly taken from him on booking into the city jail accrued when it was taken). Because the money was allegedly taken from him in 2008, and Gutierrez did not file his Complaint herein until 2012, his action to recover the money is time-barred, and the defendants are entitled to summary judgment on that claim.

## III.    Conclusion

Plaintiff's motion for summary judgment (Doc. 60) is **denied**. The defendants' motions for summary judgment (Doc. 71, 74) are **granted** for the reasons set forth above, and the plaintiff's claims are dismissed. Wells's additional motion for summary judgment (Doc. 99), which is largely duplicative of his prior motion, is **moot** in light of this Opinion and Order. A separate Judgment will be entered forthwith.

SO ORDERED this 30th day of September, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE